# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| PUBLIC CITIZEN,<br>    1600 20th Street NW<br>    Washington, DC 20009,<br><br>                Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF LABOR,<br>    200 Constitution Avenue NW<br>    Washington, DC 20210,<br><br>                Defendant. | Civil Action No. 20-2495 |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

1. Plaintiff Public Citizen brings this action to compel defendant U.S. Department of Labor (DOL) to produce records under the Freedom of Information Act (FOIA), 5 U.S.C. § 552.

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331. Venue is proper under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

## PARTIES

3. Plaintiff Public Citizen is a nonprofit organization and submitted the FOIA request at issue in this action.

4. Defendant DOL is an agency of the United States. DOL has possession or control of records responsive to Public Citizen's FOIA request.

## FACTS

5. On May 1, 2020, Public Citizen submitted to DOL a FOIA request seeking records relating to the agency's response to the COVID-19 pandemic and its impact on the health and

safety of workers at meat and poultry processing facilities in the United States. A true and correct copy of that request is attached as Exhibit 1.

6. Specifically, the FOIA request asked for four categories of records created from March 13, 2020, through the date of search: (1) "Any communications related to COVID-19, the coronavirus, and/or plant closures, slowdowns, or openings related to the pandemic between Department of Labor officials or staff and representatives of" nine specified entities (six poultry and meat processing companies and three industry groups); (2) "Any communications between Department of Labor officials or staff and Department of Agriculture officials and staff relating to poultry, beef, and pork slaughter and/or processing facilities, in connection with COVID-19 or the coronavirus," (3) "All records regarding the 'Statement of Enforcement Policy' issued by Solicitor of Labor Kate O'Scannlain and Principal Deputy Assistant Secretary for OSHA Loren Sweatt, on April 28, 2020," and (4) "All records concerning the applicability of state and local public health, worker safety, or consumer protection law, or state tort law to poultry, beef, and pork slaughter and/or processing facilities, in connection with COVID-19 or the coronavirus."

7. Public Citizen requested expedited processing of this request, pursuant to FOIA, 5 U.S.C. § 552(a)(6)(E)(1), and DOL regulation, 29 C.F.R. § 70.25(e). In support of its request for expedited processing, Public Citizen cited the number of workers at meat processing facilities that had already contracted COVID-19 and/or died from it, and the lack of public information about DOL's efforts to protect these workers.

8. Public Citizen requested that DOL waive any fees associated with responding to the FOIA request.

9. DOL received Public Citizen's FOIA request on May 1, 2020.

10. On May 4, 2020, DOL acknowledged Public Citizen's FOIA request and assigned it to the Occupational Safety and Health Administration (OSHA), the Office of the Solicitor of Labor (SOL), the Office of the Assistant Secretary for Policy (OASP), the Office of the Secretary (OSEC), the Office of Congressional and Intergovernmental Affairs (OCIA), and the Office of Public Affairs (OPA).

11. On May 12, 2020, DOL told Public Citizen that "[t]he Department has decided to consolidate [Public Citizen's] request for processing purposes."

12. On May 18, 2020, DOL asked Public Citizen to voluntarily narrow the scope of its requests.

13. That same day, Public Citizen responded and agreed to narrow its request, as reflected in Exhibit 2.

14. On May 21, 2020, DOL confirmed receipt of Public Citizen's response, and stated it would "get a sense of the # of records that would be responsive" and "w[ould] get back to [Public Citizen] soon."

15. On July 10, 2020, DOL provided a status update as to five DOL components. It stated that OASP had no responsive records. It stated that "SOL, OSHA and OSEC [we]re conducting search and review of their records," and that OSHA anticipated beginning a review of responsive records within "two or so more weeks." DOL stated that OCIA had "located 72 pages" and was in the process of reviewing them. DOL did not address OPA. DOL indicated that it "plan[ned] to provide an interim Departmental response in the near future to include OASP and responsive records from OCIA."

16. On July 22, 2020, DOL e-mailed stating that "OSEC indicates they do not have responsive records."

17. On August 4, 2020, Public Citizen requested an update as to the status of the request.

18. On August 5, 2020, DOL advised that its FOIA office was "waiting for [a] signed response letter" from OCIA, that SOL was "completing their search," and that it had "received the 1st batch of records from OSHA for review."

19. Public Citizen requested further status updates on August 17, 2020, and August 27, 2020. DOL did not respond to those requests for updates.

20. Under 5 U.S.C. § 552(a)(6)(A)(i), DOL had 20 working days to respond to Public Citizen's FOIA request.

21. Far more than 20 working days have passed since Public Citizen's request. DOL has neither made a determination on Public Citizen's FOIA request nor produced any records in response to the request.

22. Under 29 C.F.R. § 70.25, DOL had 10 calendar days to respond to Public Citizen's request for expedited processing.

23. More than 10 working days have passed since Public Citizen's request, and DOL has not made a determination on Public Citizen's request for expedited processing.

24. DOL has not provided a response to Public Citizen's request for a fee waiver.

**CLAIM FOR RELIEF**

25. Public Citizen has a statutory right under FOIA, 5 U.S.C. § 552(a)(3)(A), to the records it requested.

26. DOL has no legal basis for refusing to produce the records responsive to Public Citizen's request.

**PRAYER FOR RELIEF**

Public Citizen requests that this Court:

A. Declare that DOL's failure to provide the records responsive to Public Citizen's FOIA request is unlawful;

B. Order DOL to make the requested records available to Public Citizen at no charge and without delay;

C. Award Public Citizen its costs and reasonable attorneys' fees under 5 U.S.C. § 552(a)(4)(E); and

D. Grant all other appropriate relief.

Dated: September 8, 2020

Respectfully submitted,

/s/ Adam R. Pulver
Adam R. Pulver (DC Bar No. 1020475)
Adina H. Rosenbaum (DC Bar No. 490928)
Public Citizen Litigation Group
1600 20th Street NW
Washington, DC 20009
(202) 588-1000
apulver@citizen.org

Counsel for Plaintiff