IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PUBLIC CITIZEN,<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED STATES DEPARTMENT OF LABOR,<br><br>    Defendant. | Civil Action No. 20-CV-2495 (EGS) |

## **DEFENDANT'S ANSWER**

Defendant United States Department of Labor hereby responds to Plaintiff's Complaint (ECF No. 1). In response to the numbered paragraphs of the Complaint, Defendant responds as follows, using the same paragraph numbering as is found in the Complaint:

1. This paragraph consists of Plaintiff's characterization of its Complaint, to which no response is required.

2. This paragraph contains Plaintiff's conclusions of law, to which no response is required.

3. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, except to admit that Plaintiff submitted the FOIA request at issue in this action.

4. Defendant admits the allegations set forth in the first sentence of this paragraph. The second sentence contains Plaintiff's conclusions of law, to which no response is required.

5. Defendant admits that Plaintiff submitted a FOIA request to Defendant on May 1, 2020 and respectfully refers the Court to that request for a complete and accurate statement of its contents. *See* ECF No. 1, Ex. 1.

6. Defendant admits that Plaintiff submitted a FOIA request to Defendant on May 1, 2020 and respectfully refers the Court to that request for a complete and accurate statement of its contents. *See* ECF No. 1, Ex. 1.

7. Defendant admits that Plaintiff submitted a request for expedited processing of its FOIA request and respectfully refers the Court to that request for a complete and accurate statement of its contents. *See* ECF No. 1, Ex. 1.

8. Admitted.

9. Admitted.

10. Admittted.

11. Defendant admits that on May 12, 2020, it sent an email to Plaintiff about the FOIA request. Defendant respectfully refers the Court to that correspondence for a complete and accurate statement of its contents.

12. Defendant admits that on May 18, 2020, it sent an email to Plaintiff about the FOIA request. Defendant respectfully refers the Court to that correspondence for a complete and accurate statement of its contents.

13. Defendant admits that on May 18, 2020, it received a letter from Plaintiff about the FOIA request. Defendant respectfully refers the Court to that correspondence for a complete and accurate statement of its contents. *See* ECF No. 1, Ex. 2.

14. Defendant admits that on May 21, 2020, it sent Plaintiff an email about the FOIA request. Defendant respectfully refers the Court to that correspondence for a complete and accurate statement of its contents.

15. Defendant admits that on July 10, 2020, it sent Plaintiff an email about the FOIA request. Defendant respectfully refers the Court to that correspondence for a complete and accurate statement of its contents.

16. Defendant admits that on July 22, 2020, it sent Plaintiff an email about the FOIA request. Defendant respectfully refers the Court to that correspondence for a complete and accurate statement of its contents.

17. Defendant admits that on August 4, 2020, it received an email from Plaintiff about the FOIA request. Defendant respectfully refers the Court to that correspondence for a complete and accurate statement of its contents.

18. Defendant admits that on August 5, 2020, it sent email to Plaintiff about the FOIA request. Defendant respectfully refers the Court to that correspondence for a complete and accurate statement of its contents.

19. Defendant admits that on August 17 and 27, 2020, it received emails from Plaintiff about the FOIA request. Defendant respectfully refers the Court to that correspondence for a complete and accurate statement of its contents. Defendant admits the allegation in the second sentence of this paragraph.

20. This paragraph consists of Plaintiff's legal conclusions regarding 5 U.S.C. § 552(a)(6)(A)(i), to which no response is required.

21. Defendant admits that more than 20 days have passed since Plaintiff submitted its FOIA request on May 1, 2020. Defendant denies the allegation in the second sentence.

22. This paragraph consists of Plaintiff's legal conclusions regarding 29 C.F.R. § 70.25, to which no response is required.

23. Defendant admits that more than 10 days have passed since Plaintiff submitted its request for expedited processing on May 1, 2020. Defendant admits that it has not made a determination on Plaintiff's request for expedited processing.

24. Defendant admits that it has not made a determination on Plaintiff's request for a fee waiver.

25. This paragraph consists of Plaintiff's legal conclusions regarding 5 U.S.C. § 552(a)(3)(A), to which no response is required.

26. This paragraph contains Plaintiff's conclusion of law, to which no response is required. To the extent a response is required, Defendant denies the allegation.

***

The remainder of the Complaint sets forth Plaintiff's prayer for relief, to which no response is required.  To the extent a response is required, Defendant denies that Plaintiff is entitled to any of the relief sought.  Except to the extent expressly admitted or qualified above, Defendant denies each and every allegation of the Complaint.

## DEFENSES

1. Defendant's actions did not violate the FOIA or any other statutory or regulatory provision.

2. Plaintiff is not entitled to compel production of records exempt from disclosure by one or more exemptions or exclusions of the FOIA, 5 U.S.C. § 552 *et seq*.

Date:  October 14, 2020                    Respectfully submitted,

JEFFREY BOSSERT CLARK
Acting Assistant Attorney General

MARCIA BERMAN
Assistant Director, Federal Programs Branch

/s/ *Andrew I. Warden*
ANDREW I. WARDEN (IN Bar No. 23840-49)
Senior Trial Counsel, Federal Programs Branch
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, DC 20005
Tel: (202) 616-5084
Fax: (202) 616-8470
Email: Andrew.Warden@usdoj.gov