IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PUBLIC CITIZEN,<br><br>  Plaintiff,<br><br>  v.<br><br>UNITED STATES DEPARTMENT OF LABOR,<br><br>  Defendant. | Civil Action No. 20-CV-2495 (EGS) |

## JOINT STATUS REPORT

Pursuant to the Court's Minute Order signed October 15, 2020, Plaintiff Public Citizen and Defendant United States Department of Labor (DOL) hereby submit the following joint status report and scheduling proposal, addressing the topics specified in the Court's Order.

**1–3. The status of Plaintiff's FOIA request, the anticipated number of documents responsive to the request, and the anticipated date(s) for release of documents.**

This case concerns a FOIA request, dated May 1, 2020, to the Department of Labor for four categories of records created from March 13, 2020, through the date of the search: (1) "Any communications related to COVID-19, the coronavirus, and/or plant closures, slowdowns, or openings related to the pandemic between Department of Labor officials or staff and representatives of" six meat processing companies and three industry groups[1]; (2) "Any communications between Department of Labor officials or staff and Department of Agriculture officials and staff relating to poultry, beef, and pork slaughter and/or processing facilities, in

---

[1] The companies are Smithfield Foods, Tysons Food, Cargill, Pilgrim's Pride, JBS, and Hormel. The industry groups are the National Pork Producers Council, the National Chicken Council, and the National Meat Association.

connection with COVID-19 or the coronavirus," (3) "All records regarding the 'Statement of Enforcement Policy' issued by Solicitor of Labor Kate O'Scannlain and Principal Deputy Assistant Secretary for OSHA Loren Sweatt, on April 28, 2020," and (4) "All records concerning the applicability of state and local public health, worker safety, or consumer protection law, or state tort law to poultry, beef, and pork slaughter and/or processing facilities, in connection with COVID-19 or the coronavirus." Plaintiff sought expedited processing of its request.

On May 4, 2020, DOL assigned Plaintiff's FOIA request to six components of the agency to search for responsive records: (1) Occupational Safety and Health Administration (OSHA); (2) the Office of the Solicitor of Labor (SOL): (3) the Office of the Assistant Secretary for Policy (OASP); (4) the Office of the Secretary (OSEC); (5) the Office of Congressional and Intergovernmental Affairs (OCIA); (6) and the Office of Public Affairs (OPA).

Three DOL components have completed their searches for all categories of records requested by Plaintiff. OSEC and OASP did not locate any responsive records. OCIA released 41 responsive pages of records to Plaintiff on September 9, 2020. 22 pages were released in full and 19 pages were released in part, with redactions to information DOL asserts is protected from disclosure pursuant to FOIA Exemption 6, 5 U.S.C. § 522(b)(6). OCIA has completed its production.

Two DOL components have partially completed searches for Plaintiff's requested categories of records, as set forth below:

- <u>OSHA:</u> OSHA has completed its search for records responsive to Plaintiff's first requested category and produced 244 pages of records on September 10, 2020. 141 pages were released in full, and 103 pages were redacted in part pursuant to FOIA Exemption 6. Additionally, OSHA has completed its electronic searches

connection with COVID-19 or the coronavirus," (3) "All records regarding the 'Statement of Enforcement Policy' issued by Solicitor of Labor Kate O'Scannlain and Principal Deputy Assistant Secretary for OSHA Loren Sweatt, on April 28, 2020," and (4) "All records concerning the applicability of state and local public health, worker safety, or consumer protection law, or state tort law to poultry, beef, and pork slaughter and/or processing facilities, in connection with COVID-19 or the coronavirus." Plaintiff sought expedited processing of its request.

On May 4, 2020, DOL assigned Plaintiff's FOIA request to six components of the agency to search for responsive records: (1) Occupational Safety and Health Administration (OSHA); (2) the Office of the Solicitor of Labor (SOL): (3) the Office of the Assistant Secretary for Policy (OASP); (4) the Office of the Secretary (OSEC); (5) the Office of Congressional and Intergovernmental Affairs (OCIA); (6) and the Office of Public Affairs (OPA).

Three DOL components have completed their searches for all categories of records requested by Plaintiff. OSEC and OASP did not locate any responsive records. OCIA released 41 responsive pages of records to Plaintiff on September 9, 2020. 22 pages were released in full and 19 pages were released in part, with redactions to information DOL asserts is protected from disclosure pursuant to FOIA Exemption 6, 5 U.S.C. § 522(b)(6). OCIA has completed its production.

Two DOL components have partially completed searches for Plaintiff's requested categories of records, as set forth below:

- OSHA: OSHA has completed its search for records responsive to Plaintiff's first requested category and produced 244 pages of records on September 10, 2020. 141 pages were released in full, and 103 pages were redacted in part pursuant to FOIA Exemption 6. Additionally, OSHA has completed its electronic searches

for Plaintiff's second category of records, and identified approximately 160 potentially responsive e-mails and attachments. DOL is currently in the process of reviewing these records for responsiveness and potential withholdings.  DOL will complete that review on or before December 11, 2020.  Following that review, DOL will send the documents to USDA for a consultation review in light of USDA's potential equities in those records.  Plaintiff maintains that, in light of the relatively small number of documents and the length of time that has passed since Plaintiff's request, any responsive records not subject to one of FOIA's exemptions should be produced no later than January 11, 2021.  DOL will endeavor to complete the necessary consultations as soon as practicable, but in light of the preliminary stage of the review and the need to ensure appropriate coordination with USDA, additional time beyond January 11, 2021, may be required.

- SOL:  SOL has completed its search for records responsive to Plaintiff's first and second requested categories.  SOL did not locate any responsive records.

Both OSHA and SOL also have completed preliminary electronic searches for records responsive to Plaintiff's third and fourth requested categories utilizing search terms agreed upon by the parties.[2]  The searches, however, resulted in a far more voluminous collection of records than DOL had expected.  For example, SOL collected approximately 8.5 gigabytes of electronic files in response to searches conducted for the fourth category of records.  OSHA's results were even higher, as it collected approximately 20 gigabytes in category four.  The initial results in

---

[2] The parties have conducted fruitful, good faith negotiations that resulted in specific key word searches, identification of specific custodians, and limiting searches of certain categories of requested records to emails and their attachments.

category three for both components were smaller (both approximately 1.5 gigabytes), but still far larger than DOL had expected.

Similarly, OPA's preliminary electronic search for records responsive to Plaintiff's first requested category returned approximately 2.5 gigabytes of electronic records, a significantly larger result than DOL had anticipated for that category.

These voluminous results are likely to contain a significant number of non-responsive documents and suggest that the search terms and connectors initially agreed upon by the parties may not have been sufficiently tailored to Plaintiff's requests. DOL is currently conducting an analysis of the documents returned from the initial searches in an effort to suggest more targeted searches and identify search terms, date ranges, or custodians that are causing greater-than-expected results. The goal of this review is to craft a more targeted set of search terms for SOL and OSHA to use in their searches for the third and fourth requested categories, and for OPA to use in its searches for all four categories. DOL expects to complete this review within 30 days. Upon completion, DOL will meet and confer with Plaintiff about proposed adjustments to the previously-agreed upon search terms, in an effort to reach agreement (although it is ultimately DOL's responsibility to craft and defend an adequate search). The parties agree that allowing DOL to complete this analysis would further efficient resolution of this case by (1) eliminating overbroad, non-responsive search results that would otherwise take significant time to review and process; and (2) creating more targeted searches that may potentially result in a more reasonable volume of records responsive to Plaintiffs' requests.

**4. Whether a motion for an *Open America* stay is likely in this case.**

At this time based on the current information available, Defendant does not anticipate moving for an *Open America* stay.

### 5. Whether a *Vaughn* Index Will be Required in This Case.

The parties have agreed to defer a decision on whether a *Vaughn* index will be required in this case. The parties respectfully propose that they be allowed time to confer, following Defendant's productions, to determine whether any issues remain in dispute and whether a *Vaughn* index and summary judgment briefing will be necessary in this case.

### 6. Whether this case would benefit from referral to a magistrate judge or the District Court Mediation Program for purposes of settlement.

The parties do not believe the case would benefit from referral to a magistrate judge or to the District Court Mediation Program.

### 7. A proposed briefing schedule for dispositive motions.

The parties agree that a proposed briefing schedule for dispositive motions is not necessary at this time. Upon the completion of production, the parties agree to meet and confer regarding any outstanding issues for resolution by the Court and, if necessary, a proposed schedule for briefing summary judgment.

***

In light the current posture of this case and DOL's ongoing searches and production of responsive records, the parties request the Court's leave to file another joint status report on or before December 18, 2020.

Date:  November 16, 2020	Respectfully submitted,

/s/ *Adam R. Pulver*
Adam R. Pulver (DC Bar No. 1020475)
Adina H. Rosenbaum (DC Bar No. 490928)
Public Citizen Litigation Group
1600 20th Street NW
Washington, DC 20009
(202) 588-1000
apulver@citizen.org

*Counsel for Plaintiff*

JEFFREY BOSSERT CLARK
Acting Assistant Attorney General

MARCIA BERMAN
Assistant Director, Federal Programs Branch

/s/ *Andrew I. Warden*
ANDREW I. WARDEN (IN Bar No. 23840-49)
Senior Trial Counsel, Federal Programs Branch
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, DC 20005
Tel: (202) 616-5084
Fax: (202) 616-8470
Email: Andrew.Warden@usdoj.gov

*Attorneys for Defendants*