IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

PUBLIC CITIZEN,

      Plaintiff,

           v.

UNITED STATES DEPARTMENT OF
LABOR,

      Defendant.

Civil Action No. 20-CV-2495 (EGS)

## JOINT STATUS REPORT

Pursuant to the Court's Minute Order signed December 18, 2020, Plaintiff Public Citizen and Defendant United States Department of Labor (DOL) hereby submit the following joint status report, and respectfully ask the Court to enter the parties' agreed-upon production schedule, as set out below.

*Background*

This case concerns a FOIA request, dated May 1, 2020, to the Department of Labor for four categories of records created from March 13, 2020, through the date of the search: (1) "Any communications related to COVID-19, the coronavirus, and/or plant closures, slowdowns, or openings related to the pandemic between Department of Labor officials or staff and representatives of" six meat processing companies and three industry groups[1]; (2) "Any communications between Department of Labor officials or staff and Department of Agriculture

---

[1] The companies are Smithfield Foods, Tysons Food, Cargill, Pilgrim's Pride, JBS, and Hormel. The industry groups are the National Pork Producers Council, the National Chicken Council, and the National Meat Association.

officials and staff relating to poultry, beef, and pork slaughter and/or processing facilities, in

connection with COVID-19 or the coronavirus," (3) "All records regarding the 'Statement of

Enforcement Policy' issued by Solicitor of Labor Kate O'Scannlain and Principal Deputy

Assistant Secretary for OSHA Loren Sweatt, on April 28, 2020," and (4) "All records concerning

the applicability of state and local public health, worker safety, or consumer protection law, or

state tort law to poultry, beef, and pork slaughter and/or processing facilities, in connection with

COVID-19 or the coronavirus."  Plaintiff sought expedited processing of its request.

On May 4, 2020, DOL assigned Plaintiff's FOIA request to six components of the agency

to search for responsive records: (1) Occupational Safety and Health Administration (OSHA);

(2) the Office of the Solicitor of Labor (SOL); (3) the Office of the Assistant Secretary for Policy

(OASP); (4) the Office of the Secretary (OSEC); (5) the Office of Congressional and

Intergovernmental Affairs (OCIA); (6) and the Office of Public Affairs (OPA).

As explained in the Joint Status Report filed in November 2020 (ECF No. 10), three DOL

components (OSEC, OASP, and OCIA) have completed their searches and productions for all 4

categories of records requested by Plaintiff.  At the time of that Joint Status Report and the

parties' December 2020 Joint Status Report (ECF No. 11), the remaining components (SOL,

OSHA, and OPA) had partially completed their searches and productions.  Specifically, SOL had

completed its search and production for its Categories #1 and #2, and OSHA had completed its

search and production for its Category #1.

In the parties' November 2020 Joint Status Report, DOL identified a set of 105 OSHA

records responsive to Category #2 of Plaintiff's request that it desired to send to the Department

of Agriculture (USDA) and the Department of Health and Human Services (HHS) for a

consultation review. In the November 2020 Joint Status Report, Plaintiff expressed its view that

any responsive records not subject to one of FOIA's exemptions should be produced no later than January 11, 2021. ECF No. 10 at 3. DOL stated that "additional time beyond January 11, 2021, may be required." *Id.* On December 11, 2020, DOL sent those records to USDA and HHS. In the December Joint Status Report, DOL stated it would finalize the non-exempt responsive records for production and release them to Plaintiff no later than January 29, 2021. ECF No. 11 at 3.

As to the remaining categories, the parties agreed on search terms to further narrow what DOL maintained were voluminous results resulting from the narrowed search terms Plaintiff agreed to on May 18, 2020. DOL indicated it would begin revised searches using those terms the week of December 8, 2020, and anticipated that searches would be completed no later than January 8, 2021, after which processing of the search results would begin. *Id.* DOL stated that, starting with Category #3, it would "make reasonable, good-faith efforts to process 500 total pages by February 5, 2021." *Id.*

In their December Joint Status Report, the parties agreed to "reassess by the next status report deadline an appropriate processing rate for the remaining records collected in the searches." *Id.* at 4.

***Developments Since the December 2020 Joint Status Report***

On January 29, 2021, DOL produced to Plaintiff portions of the OSHA records responsive to Category #2 that it had first identified in the November 2020 Joint Status Report as necessitating USDA and HHS consultation review which it deemed non-exempt. This production included 1586 pages, 1355 of which were a spreadsheet that is publicly available. As to the remaining 231 pages, Plaintiff intends to challenge some of the agency's redactions in the other 231 pages of the release, pursuant to FOIA Exemptions 5 and 6.

OPA has completed its search and review for Categories #2 and #3 and located no responsive records.

OSHA and SOL completed their search and review for Categories #2 and #3 as well. On February 2, 2021, DOL produced 3 pages of responsive records to Plaintiff, and identified 29 pages of additional responsive records it was withholding in their entirety pursuant to exemption 5. Plaintiff intends to challenge the agency's withholding of those 29 pages.

Accordingly, all that remains for production are OPA, OSHA, and SOL's responses for Category #4, and OPA's response for Category #1.

Based on DOL's preliminary review of the electronic search results, DOL estimates that there are approximately 23,000 total potentially responsive documents in Category #4 and approximately 9,700 total potentially responsive documents in Category #1.  These numbers are preliminary, as review and de-duplication efforts are currently ongoing.

***Schedule to Complete Processing of Remaining Documents***

The parties have conferred and agree on a production schedule.  The parties submit that separate schedules should be established for DOL to complete its responsiveness review of the potentially responsive electronic search results discussed above and then to process any responsive records on a rolling basis.  DOL will complete its responsiveness review of the potentially responsive Category #1 and Category #4 documents by April 9, 2021.  Thereafter, once the universe of responsive records is identified, DOL will process 500 pages of records per month, with the initial production beginning on May 10, 2021.[2]

---

[2] Specifically, DOL will review 500 pages of responsive documents each month, remove duplicative and non-responsive emails or attachments, and produce to Plaintiff all non-exempt portions of the remaining pages.  Any pages that do not require consultation with other agencies, as well as those pages for which the consultation has been completed, will be provided to

The parties propose to file a joint status report on April 16, 2021, updating the Court after the completion of the responsiveness review.

Date:  February 12, 2021

Respectfully submitted,

*/s/ Adam R. Pulver*
Adam R. Pulver (DC Bar No. 1020475)
Adina H. Rosenbaum (DC Bar No. 490928)
Public Citizen Litigation Group
1600 20th Street NW
Washington, DC 20009
(202) 588-1000
apulver@citizen.org

*Attorneys for Plaintiff*

BRIAN M. BOYNTON
Acting Assistant Attorney General

MARCIA BERMAN
Assistant Director, Federal Programs Branch

/s/ *Andrew I. Warden*
ANDREW I. WARDEN (IN Bar No. 23840-49)
Senior Trial Counsel
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, DC 20005
Tel: (202) 616-5084
Fax: (202) 616-8470
Email: Andrew.Warden@usdoj.gov

*Attorneys for Defendants*

---

Plaintiff on the given production date (including a count of any pages that are withheld in full). DOL also will identify to Plaintiff the number of processed pages each month (if any) requiring consultation with other agencies.